## WOOD v. CITY OF MOBILE.

(Circuit Court of Appeals, Fifth Circuit.    April 2, 1901.)

No. 939.

1. JUDGMENTS—COLLATERAL ATTACK.
   A decree of a state court may be collaterally attacked in the federal courts for want of jurisdiction over the subject-matter or the person, but not for any error which does not affect such jurisdiction.

2. EMINENT DOMAIN—RIGHTS ACQUIRED BY CONDEMNATION—SPECIAL STATUTE.
   Under a legislative act expressly authorizing a city to condemn under the power of eminent domain, in the manner provided by law, "all outstanding interest of every kind, character, or description, whether the same be legal or equitable, not owned by said city," in certain waterworks, such condemnation, when properly made, vests the city with absolute title to the interests condemned, and not merely an easement, measured by the need of the city to use the property for public purposes; and the title will not revert for nonuser.

In Error to the Circuit Court of the United States for the Southern District of Alabama.

See 99 Fed. 615.

D. P. Bestor and R. H. Clarke, for plaintiff in error.

B. B. Boone, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge.   The legislature of the state of Alabama, by an act approved November 30, 1898, authorized the city of Mobile to provide, maintain, and operate systems of waterworks and sewerage; and by an act approved November 30, 1898, authorized the city of Mobile to make and issue bonds for building, purchasing, or otherwise acquiring systems of waterworks, and to secure said bonds; and by an act approved December 10, 1898, authorized the city of Mobile to condemn by eminent domain the outstanding interest in what is known as the "Mobile City Waterworks." The last-mentioned act reads as follows:

"Be it enacted by the general assembly of Alabama, that the city of Mobile, for the purpose of erecting, constructing and operating a system of water works to be owned and operated by the said city, be and is hereby expressly authorized and empowered to condemn, by exercising the rights of eminent domain, in the manner provided by law for the condemnation of lands for public use, all outstanding interest of every kind, character or description, whether the same be legal or equitable, not owned by said city of Mobile, in and to these certain water works known respectively by the name of Stein or Mobile City Water Works, being the same water works constructed under and pursuant to an act entitled 'An act for the promotion of the health and convenience of the city of Mobile, by the introduction into said city of a supply of wholesome water, to be used for domestic purposes, and for the extinguishment of fires,' approved January 7th, 1841.    Approved December 10th, 1898."

Article 1, c. 42, §§ 1712–1726, inclusive, of the Alabama Code of 1896, provide for the manner of proceeding for the condemnation of lands for public uses.    The only one of these sections material to quote here is section 1721, part of which reads as follows:

"The order of condemnation upon the payment of the sum ascertained and assessed by the verdict of the jury, or the deposit thereof in court for

the defendant, shall vest in the applicant the easement proposed to be acquired for the uses and purposes stated in the application and for no other uses or purposes."

Under these statutes, the city of Mobile, by proceedings in the probate court of Mobile county, condemned, by exercising the right of eminent domain, all the interest of Walter Wood in what is known as the "City or Stein Waterworks," such interest being $54^{28}/_{100}$ per cent. of the whole. The proceedings in the probate court were in the manner provided by the general law of the state of Alabama for the condemnation of lands for public use, and the decree condemned for the use of the city of Mobile, and vested title in said city, all and singular, "the perpetual right to all the interest of every kind, character, and description belonging to Walter Wood, of Philadelphia, Pennsylvania, whether the same be legal or equitable, in and to those waterworks known as the 'Mobile City Waterworks.'" In these proceedings one of the therein named defendants, Walter Wood, plaintiff in error here, appeared, and by counsel filed a plea in abatement, then a demurrer, and followed with an answer. On the theory that the proceedings in the probate court of Mobile county were void, the plaintiff in error, Walter Wood, instituted in the lower court an action of ejectment to recover possession of $54^{28}/_{100}$ per cent. of the said waterworks. The defendant below answered with a plea of not guilty, which, it is said, is the only appropriate plea to an action of ejectment in the state of Alabama. Smith v. Cox, 115 Ala. 506, 22 South. 78. There was a trial, and judgment for the defendant. A bill of exceptions in the transcript shows that on the trial the plaintiff below offered the evidence of several witnesses tending to describe the property in question, and the extent of the use made of the same by the defendant. Plaintiff also offered in evidence an agreed statement of facts bearing on the same questions, and containing, among other things, the following statement:

"That, acting under and by virtue of such award, the city of Mobile, on the 14th day of May, 1898, acquired the title to and possession of all the interests of plaintiff's co-tenants in said property and franchises, such aggregated interests being an undivided forty-five and $72/_{100}$ per cent. thereof, and claimed to have acquired the property in and right to the possession of plaintiff's fifty-four and $28/_{100}$ per cent. thereof, and in exercise of such claim it took exclusive possession of the whole of said property and franchises on said date last mentioned, ousting and excluding plaintiff of and from all possession thereof. Defendant has held such exclusive possession of said property and franchises from said date last mentioned to the time of the trial of said cause, and still holds the same, and during all of such time it has excluded, and still excludes, plaintiff from any participation in the possession and enjoyment thereof. During such time defendant has used, and is still using, said property and franchises to supply water for a compensation to certain of the citizens of Mobile, and said Mobile City Waterworks is now connected by iron pipes with the new waterworks system built by the city of Mobile under the act of the general assembly of Alabama, approved November 30, 1898."

The plaintiff also offered a certified transcript of the record and proceedings in the probate court of Mobile county, showing the application of the city of Mobile to condemn all the interest of Walter Wood in the Mobile City Waterworks, otherwise called the "Stein System of Waterworks," and the proceedings of the court thereunder in said condemnation proceedings. The defendant below offered the evidence of certain witnesses describing the property, the use re-

quired, and the use made of the same. Defendant also offered the three above-mentioned acts of the legislature. Whereupon the plaintiffs requested the judge to make certain specific charges, some 15 in number, substantially directing the jury to find for the plaintiff, all of which were refused, and thereupon, at the request of the defendant, the court charged the jury that, if they believed the evidence submitted in the cause, they must find for the defendant, the city of Mobile. All of the above rulings of the court were duly excepted to. In this court the plaintiff in error contends that:

"The probate court had jurisdiction and power to condemn by eminent domain only so much of the land and such interest in the property and lands of plaintiff as were necessary for the use of the new waterworks system, and that only an easement or right of way over such lands as it actually needed for the construction of its new waterworks system could be condemned by the city, and that, in so far as the decree of the probate court went beyond this, it was absolutely void, and passed no title to the city; and, further, that even if the property was legally condemned, yet, if part of it was never used by the city for the public benefit, such part reverted to the original owner, and he could recover it back in ejectment."

This contention admits the validity and constitutionality of the act approved December 10, 1898, wherein is given the power to condemn "all outstanding interest of every kind, character, or description, whether the same be legal or equitable, not owned by said city of Mobile, in and to," etc., and it further admits the jurisdiction of the probate court of Mobile county. We understand the rule to be that, where a court has jurisdiction of the subject-matter and the person, the fact that an erroneous or wrong judgment is entered does not render the judgment void, or subject to collateral attack. New Lamp Chimney Co. v. Ansonia Brass & Copper Co., 91 U. S. 656, 660, 23 L. Ed. 336; Kinnier v. Kinnier, 45 N. Y. 535. A decree of the state court may be collaterally attacked in the federal court for want of jurisdiction over the subject-matter or the person, but for any error not affecting the jurisdiction of the state court its validity cannot be questioned in the federal court. Herron v. Dater, 120 U. S. 464, 477, 7 Sup. Ct. 620, 30 L. Ed. 748. Under this view of the law, the decree rendered by the probate court of Mobile county is not subject to attack in this court in this proceeding. But, if this were not so, we are clear that, so far as the decree complained of goes beyond the condemnation of an easement in the property, it is fully authorized by the act of December 10, 1898, which authorizes the condemnation of "all outstanding interest of every kind, character, or description, whether the same be legal or equitable," etc. As we understand this act, it provides that the manner and mode of proceeding, to wit, in regard to application, notice, hearing, assessment of damages, report of commissioners, appeals, effect of appeal, time within which damages shall be paid, etc., shall be according to the general law of the state in regard to the expropriation of private property for public use; but with regard to the interest to be condemned it expressly provides for all that was condemned in this case. This seems to be the plain meaning of the act in question, and, if the contention of the plaintiff in error is sound, it is difficult to see that the act of December 10, 1898, was at all necessary, or had any purpose, because under the act of November 30, 1898, the

city of Mobile was given power to maintain and operate systems of waterworks and sewerage, and therein to exercise the right of eminent domain in the manner provided by law.

As to the contention that part of the property of the old Stein waterworks has reverted to the original owner because of nonuser after condemnation, it may be admitted that the general rule is that when a corporation, in the exercise of eminent domain, acquires for a public purpose an easement in land, its right and title to the property so acquired are dependent upon the use of the property for public purposes; and, when such public use is abandoned, the right to hold the land ceases, and the property reverts to its original owner. But the plaintiff in error in this case can take nothing under this admitted rule, for two reasons: First, under the statute of December 10, 1898. more than an easement was condemned, to wit, all the right, title, and interest, legal and equitable, on the basis of which full title it is supposed the owner was fully compensated, and the property thereupon became the absolute property of the corporation; second, because, in the agreed statement of facts in this case, it is expressly admitted that "the city of Mobile has used, and is still using, the whole of the property and franchises acquired from the plaintiff in error to supply water to the citizens of Mobile, and that the said Mobile City Waterworks are now connected by iron pipes with the new waterworks system built by the city of Mobile under the act of the general assembly of Alabama, approved November 30, 1898." On the whole record we find no reversible error, and the judgment of the circuit court is affirmed.