John R. BUTZ, Trustee in Bankruptcy, 806 Arcue Building, Springfield, Ohio 45502, Plaintiff,

v.

BANCOHIO NATIONAL BANK, formerly the First National Bank of Springfield, 4 West Main Street, Springfield, Ohio 45502, Harry F. Berkemer, Sheriff, Hall of Justice, High Street, Columbus, Ohio 45502, Hartford Accident & Indemnity Company, Hartford, Connecticut, Defendants.

In the Matter of Emil Francis TORIELLO, Debtor.

Bankruptcy No. 3–80–00328.
Adv. No. 3–80–0460.

United States Bankruptcy Court, S. D. Ohio, W. D.

Aug. 26, 1981.

John R. Butz, Springfield, Ohio, trustee/plaintiff.

James R. Kirk, Asst. Pros. Atty., Columbus, Ohio, Richard A. VanTienhoven, Springfield, Ohio, Atty. for defendant BancOhio Bank, Hartford Accident & Indemnity Co.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### PRELIMINARY STATEMENT

This matter is before the Court for disposition of the Trustee's complaint alleging that defendant BancOhio National Bank, hereinafter the Bank, received a preferential transfer of property from the above debtor's estate. The Bank subsequently filed a third party complaint against third party defendants Harry J. Berkemer, Franklin County Sheriff, hereinafter the Sheriff, and Hartford Accident and Indemnity Company, alleging a right to indemnification in the event of judgment against defendant. The Court held a pretrial conference on November 21, 1980, and the parties endorsed a Joint Pretrial Statement at that time. The following decision is based upon the Pretrial Statement, the parties' briefs, and facts not in dispute by the pleadings.

### STATEMENT OF FACTS

This case involves the following sequence of events:

4/30/79—The Bank received a judgment of three hundred thousand dollars ($300,000.00) against the debtor in The Common Pleas Court of Franklin County, Ohio, hereinafter The Common Pleas Court.

6/20/79—The Clerk of The Common Pleas Court ordered, by writ of execution, the Sheriff to levy upon various securities and a nine thousand dollar ($9,000.00) money mart certificate owned by debtor and in the possession of bailee Basche, Halsey, Stuart & Shields, Inc., 155 East Broad Street, Columbus, Ohio.

7/9/79—The Common Pleas Court ordered the Sheriff to seize and sell the levied property after appraisal by three (3) disinterested persons and for not

less than two-thirds (⅔) of its appraised value.

8/4/79—The Clerk of The Common Pleas Court issued an alias Writ of Execution upon the same property.

8/28/79—The Common Pleas Court appointed and ordered Richard F. Gregory as agent for the Sheriff to sell the levied property at a private sale and for not less than the listed value in the "Wall Street Journal."

9/14/79—The Common Pleas Court amended its Order of August 28, 1979 and appointed and ordered bailee Basche, Halsey, Stuart & Shields Incorporated to sell the levied property as agent for the Sheriff for the market value on the appropriate exchanges.

9/17/79—The Sheriff served the bailee pursuant to the August 28, 1979 order.

9/25/79—Gregory took possession of the property from debtor's bailee

11/6/79—Sometime prior to November 6, 1979, the levied property had been returned by Gregory to Basche, Halsey, Stuart & Shields Inc. and sold. Also, the proceeds, in the form of two (2) checks totalling sixteen thousand three hundred seventy and 78/100 dollars ($16,370.78) had been turned over to the possession of the Sheriff, who, in turn, had given possession to the Clerk of The Common Pleas Court. The Common Pleas Court ordered the Clerk to disburse this sum to the Bank.

11/15/79—This is the date which is ninety (90) days prior to the filing of the debtor's bankruptcy petition.

12/4/79—The Bank actually received the sixteen thousand three hundred seventy and 78/100 dollars ($16,370.78).

2/14/79—The debtor filed his petition with this Court.

3/14/80—Plaintiff was appointed Trustee in Bankruptcy for debtor

8/11/80—The Trustee initiated the instant action.

## DECISION AND ORDER

The issue in this case is whether the transfer of sixteen thousand three hundred

seventy and 78/100 dollars ($16,370.78) from the debtor to the Bank is preferential, and therefore properly recoverable by the Trustee under 11 U.S.C. § 547(b). The Trustee contends that the transfer is preferential because the transfer occurred within ninety (90) days of the filing of debtor's bankruptcy petition. This Court finds that the instant facts do not support the Trustee's allegation of a preferential transfer.

11 U.S.C. § 547(b) empowers the Trustee with the discretion to avoid preferential transfers. The term, preference, derives from transfers made on the "eve" of bankruptcy to "prefer" one creditor over another. The modern policies underlying the avoidance of preferences include discouraging creditors from hasty attempts to retrieve property, thus promoting the solvency of "borderline" debtors, and requiring that debtors be "just before generous" with estate assets. 11 U.S.C. § 547(b) lists five (5) elements which must all be satisfied in order for a transfer to be deemed preferential. In this case, the only element in issue is 11 U.S.C. § 547(b)(4)(A).

11 U.S.C. § 547(b)(4)(A) provides that a transfer to an individual who is not an "insider," (in this case the Bank, 11 U.S.C. § 101(25)), must be made within ninety (90) days of the filing of the bankruptcy petition in order to be deemed preferential. The Bankruptcy Code defines the term, transfer, broadly to include the instant involuntary seizure of debtor's property. 11 U.S.C. § 101(40). Since a transfer indisputably took place, 11 U.S.C. § 101(40), the initial question the Court must resolve is *when* the transfer took place.

■ The Code states that, for purposes of 11 U.S.C. § 547, a transfer is made, relevant to the instant facts, at the time of perfection. 11 U.S.C. § 547(e)(2)(B). Perfection is deemed to occur when a creditor on a simple contract, i. e. a levying creditor, 4 Collier on Bankruptcy (15th Ed.) ¶ 547.45 (1981), cannot acquire a judicial lien that is superior to the interest of the transferee, in this case the Bank. 11 U.S.C. § 547(e)(1)(B). The typical issue which

arises in this context is whether a security interest perfected under Article Nine (9) of the Uniform Commercial Code "beats out" a levying creditor. Since the instant case involves a transferee, the Bank, which is itself a levying creditor, this case presents the unusual issue as to when a levying creditor cannot acquire a superior judicial lien to another levying creditor.

■ Under Ohio law, chattels of a judgment debtor are "bound" with a lien for the satisfaction of any judgment of any court of general jurisdiction from the time the chattels are seized in execution.* O.R.C. § 2329.03. O.R.C. § 2329.10 grants priority to writs of execution in the order of their delivery to the sheriff, unless delivery is made on the same day, in which case priority is shared and any proceeds are split *pro rata*. Thus, under Ohio law, a levying creditor has a superior interest in levied property over the judicial liens of other levying creditors if (1) delivery of the writ of execution to the Sheriff is "first in time" and (2) a lien is in fact created by the Sheriff's seizure of the property. In this case, therefore, in order for a creditor on a simple contract to acquire a superior lien to the Bank's, delivery of a writ of execution on the property would have to have been made by the creditor prior to August 24, 1979, the date the Bank's alias Writ of Execution was delivered to the Sheriff. The Bank's interest, however, was not conclusively superior to other levying creditor's interests until the moment that the sheriff seized the debtor's property because until the seizure took place the Bank had no legal interest in debtor's property and the Bank's writ of execution could have been set aside, as was the case with the Bank's earlier writ of execution dated June 20, 1979. Therefore, as of the date of seizure by the Sheriff's agent, September 25, 1979, a creditor on a simple contract could not acquire a judicial lien superior to the Bank's judicial lien. In consequence, for the purposes of measuring the Code's ninety (90) day preferential period, September 25, 1979 is the time that the

transfer in issue was perfected and, thus, the date on which the transfer was made. 11 U.S.C. §§ 547(b)(1)(A) and (e).

In this case, therefore, the transfer of debtor's property to the Bank took place nearly two (2) full months before the ninety (90) day period prior to the filing of debtor's bankruptcy petition. The Trustee alleges, however, that the Sheriff's sale of debtor's property violated the notice and appraisal requirements of O.R.C. §§ 2329.13 and .15, respectively. The Trustee contends that the improper sale of debtor's property by the Sheriff invalidates the Bank's execution and voids the Common Pleas Court execution process. The Trustee further contends that since the process is void, the transfer can only be measured by the date of actual receipt by the Bank and that, since the Bank's actual receipt took place within ninety (90) days of the filing of debtor's bankruptcy petition, the instant transfer should be deemed preferential.

■ The allegedly improper conduct by the Sheriff was performed under the auspices and pursuant to specific orders of The Common Pleas Court. The issue which this Court must first decide is whether this Court should properly inquire into The Common Pleas Court's orders rendered on August 28, September 14, and November 6 of 1979, prior to commencement of this action. The unique function of the Bankruptcy Court has resulted in Court inquiries into the judgments of other Courts regarding, for example, alimony, maintenance, child support, and willful and malicious injury. H.R.Rep. No. 595, 95th Cong., 2d Section 77–79 (1978), U.S.Code Cong. & Admin.News 1978, 5787; 3 Collier on Bankruptcy (15th Ed.) ¶ 523.16[2]. Nevertheless, absent exceptional circumstances, this Court, as a general rule, and as a matter of fundamental comity, will not disturb a state court decision rendered prior to the commencement of bankruptcy proceedings. 28 U.S.C. § 1738; *Scott Publishing Co. v. Rodgers*, 229 F.2d 956 (9 Cir. 1956). The requested collateral attack on The Common

---

\* See ORC § 2329.01 which authorizes the seizure of securities as chattels. Also note *Henderson-Achert Lithe Co. v. Shillito Co.*, 64 O.S. 236, 60 N.E. 295 (1901).

Pleas Court judgment should be limited by this Court to only the question of Common Pleas Court jurisdiction in the original suit, even if pleadings in this Court might *prima facie* indicate error. 28 U.S.C. § 1738; *Wood v. City of Mobile*, 107 F. 846 (5th Cir. 1901). It is noted that the equity jurisdiction of the Bankruptcy Court as to judgments in state courts obtained by fraud, unconscionability, or other equitable grounds is not involved *instanter*. In the instant case, the Trustee should properly have sought remedy for the alleged improper sale of debtor's property directly in the Common Pleas Court.

*IT IS HEREBY ORDERED, ADJUDGED AND DECREED* that the receipt of sixteen thousand three hundred seventy and 78/100 dollars ($16,370.78) by defendant Bank on December 4, 1979 did not result in a preferential transfer under 11 U.S.C. § 547(b).