**In re BATTERY ONE–STOP LTD., Debtor.**

**BATTERY ONE–STOP LTD., Plaintiff–Appellee,**

v.

**ATARI CORPORATION, Defendant–Appellant.**

**No. 4:93CV0444.**

United States District Court, N.D. Ohio, E.D.

June 22, 1993.

---

Joseph C. Lucci, Nadler, Nadler & Burdman, Youngstown, OH, for plaintiff-appellee.

Jonathan R. Cooper, Benesch, Friedlander, Coplan & Aronoff, Cleveland, OH, for defendant-appellant.

728

## MEMORANDUM OF OPINION AND ORDER REVERSING DECISION OF BANKRUPTCY COURT AND REMANDING CASE TO THE BANKRUPTCY COURT

MATIA, District Judge.

This is an appeal from a final judgment of the Bankruptcy Court, which held that a garnishment of the funds of the debtor, Battery One–Stop Ltd. ("Battery") by Atari Corporation was a preference under 11 U.S.C. § 547(b) and was therefore avoidable. That Court therefore granted Battery's motion for summary judgment, denied Atari's motion, and avoided the transfer of funds effected pursuant to the garnishment. After an examination of the briefs and record, the Court determines that oral argument is not needed. Bankr.R. 8012.

### STANDARD OF REVIEW

The parties are in agreement that the standard of review applicable to this appeal is *de novo,* since the issue involved is a question of law (construction and application of statutory and case law).

### FACTS

A written stipulation of facts was filed by the parties in the bankruptcy proceeding. On March 12, 1991, Battery executed a cognovit promissory note in the amount of One Hundred Thirty–Seven Thousand Nine Hundred Forty–Eight and 81/100 Dollars ($137,948.81) in favor of Atari. The sum represented an antecedent debt of Battery to Atari. The note was not paid according to its terms and on August 30, 1991, judgment was taken by Atari against Battery in the Court of Common Pleas for Mahoning County, Ohio, pursuant to the warrant of attorney set forth in the note. The amount of that judgment was One Hundred Six Thousand Seven Hundred Ninety–Seven and 37/100 Dollars ($106,-797.37) (Stipulation, ¶ 4). On September 11, 1991, the Common Pleas Court issued a certificate of judgment and on the same day Atari filed an affidavit with the Clerk of that Court to attach property of Battery (Stipulation, ¶ 6). On September 17, 1991,

the Clerk of the Common Pleas Court sent an order to Dollar Savings and Trust Company of Youngstown (Stipulation, ¶ 7), which Dollar received on September 19, 1991 (Stipulation, ¶ 8).

On the date of receipt of the order of attachment, Dollar Savings and Trust Company had One Hundred Six Thousand Eight Hundred Seventy and 01/100 Dollars ($106,870.01) in Battery's account (Stipulation, ¶ 9). On September 23, 1991, Dollar Savings and Trust filed an answer with the Clerk of the Common Pleas Court (Stipulation, ¶ 10) and on September 27, 1991, voluntarily paid to the Clerk the amount of Battery's funds that it had on hand (Stipulation, ¶ 11). On October 24, 1991, Atari sought and received from the Common Pleas Court an order to the Clerk to pay over the funds to Atari and payment was made that same day (Stipulation, ¶ 13–14). On December 24, 1991, Battery filed its bankruptcy petition.

### ISSUES

11 U.S.C. § 547(b) provides that a transfer of funds is voidable as a preference if, *inter alia,* it is made within 90 days before the filing of the bankruptcy petition. The key issue for determination is when the "transfer" in this case took place. A transfer takes place:

(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time;

(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days.

11 U.S.C. § 547(e)(2)(A) and (B).

"Perfection" occurs, for property other than real property or fixtures, "when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." 11 U.S.C. § 547(e)(1)(B). The determination of the date of perfection in an interest in bank accounts attached by a judgment creditor is governed by state law. *In re Ramco American International, Inc.,* 754 F.2d 130, 132 (3d Cir.1985).

Ohio law, at Ohio Rev.Code Ann. § 2716.13, provides that upon service of an order of garnishment on a garnishee, "[t]he order shall bind the property, other than personal earnings, of the judgment debtor in the possession of the garnishee from the time of service."

Ohio law further provides:

A garnishee is liable to the judgment creditor for all money, property, and credits, other than personal earnings of the judgment debtor in his possession or under his control or for all personal earnings due from the garnishee to the judgment debtor, whichever is applicable, from the time the garnishee is served with the written notice required in Section 2716.05 or 2716.13 of the Revised Code.

Ohio Rev.Code Ann. § 2716.21(D).

Thus,. the narrow issue involved in this appeal can be stated as follows: When was the transfer of funds through garnishment "perfected" under Ohio law? Keeping in mind that Battery's bankruptcy petition was filed on December 24, 1991, the important dates are these:

> September 11, 1991—Filing of garnishment proceeding
>
> September 17, 1991—Garnishment order sent
>
> September 19, 1991—Garnishee received order
>
> September 27, 1991—Funds paid into court
>
> October 24, 1991—Funds disbursed to Atari

## DISCUSSION

■ Ohio Rev.Code Ann. § 2716.13(B) specifically states that the order of garnishment binds the property from the time of service. Ohio law further provides that a garnishee is liable to the judgment creditor for all money of the judgment debtor in its possession from the time the garnishee is served with the written notice required in § 2716.13. See Ohio Rev.Code Ann. § 2716.21(D).

A similar provision exists in the statute pertaining to execution (as opposed to garnishment). Ohio Rev.Code Ann. § 2329.03 provides that "[g]oods and chattels of a judgment debtor shall be bound from the time they are seized in execution." In *In re Veteran Plate Glass Company, Inc.*, 71 B.R. 74 (Bankr.N.D.Ohio 1987), the Bankruptcy Court held that there was a perfected transfer of interest upon seizure "by virtue of this provision of Ohio law." (However, the court went on to hold that the transfer was voidable as a preference because it occurred within 90 days of the filing of a bankruptcy petition.) This construction of § 2329.03 is consistent with the holding of the Bankruptcy Court in *Butz v. BancOhio National Bank*, 13 B.R. 425 (Bankr.S.D.Ohio 1981).

The United States Court of Appeals for the Sixth Circuit visited this issue (although not in the bankruptcy context) as recently as 1990, in the case of *Yardas v. United States*, 899 F.2d 550 (6th Cir.1990). In deciding the issue of when a judgment creditor's lien is perfected so as to obtain priority over a federal tax lien, the Sixth Circuit looked to Ohio law to determine when the judgment lien was perfected. The Court held, at page 552, as follows:

> In Ohio, one method by which a judgment creditor can obtain a lien upon his judgment debtor's personal property is by *serving a notice* of garnishment on a "garnishee," a person who is in possession or control of the judgment debtor's property. *See* Ohio Rev. Code Ann. § 2716.13(B), (D). (Emphasis added).

Although *Yardas, Veteran Plate Glass*, and *Butz* appear to this Court to resolve this matter, the Bankruptcy Court relied upon language in *Januzzi v. Hickman*, 61 Ohio St.3d 40, 572 N.E.2d 642 (1991), in reaching its conclusion that the transfer of Battery's interest in the funds held by the garnishee was perfected only upon the issuance of the court order to pay the funds to Atari. The language in *Januzzi* cited by the Bankruptcy Court is as follows: "[T]he order to a garnishee to pay into court is merely preparatory to further proceedings. It does not finally determine the garnishee's liability." *Januzzi*, at 44, 572 N.E.2d 642.

This Court does not agree with the Bankruptcy Court's interpretation of *Januzzi*. *Januzzi* involved the rights of the garnish-

ee when contempt proceedings are instituted, *not* the rights of the creditor with respect to the debtor's property. When viewed in that context, there is nothing about the *Januzzi* opinion that is inconsistent with the prior rulings in *Yardas*, *Veteran Plate Glass*, and *Butz*. Accordingly, the decision of the Bankruptcy Court granting Battery's summary judgment motion is reversed.

## CONCLUSION

For the foregoing reasons, the decision of the Bankruptcy Court granting Battery's summary judgment motion is reversed. This case is remanded to the Bankruptcy Court for further proceedings not inconsistent with this opinion.

## ORDER OF REMAND TO BANKRUPTCY COURT

This Court, having previously entered its memorandum of opinion and order reversing the decision of the Bankruptcy Court and remanding the case, hereby reverses the final judgment of the Bankruptcy Court which was entered on January 23, 1993, and remands the case to the Bankruptcy Court for further proceedings not inconsistent with this Court's opinion.