In re Ronney Richard and Kathy Kazuko McCOY, Debtors.

Warren P. MARSH, Trustee, Plaintiff,

v.

HELDT LUMBER CO., INC., an Arizona corporation, Defendant.

Bankruptcy No. B–82–1890–PHX–LO. Adv. No. B–82–1395.

United States Bankruptcy Court, D. Arizona.

Aug. 27, 1984.

Anthony O. Jones, Phoenix, Ariz., for trustee-plaintiff.

Duane W. Bolze, Phoenix, Ariz., for defendant.

## MEMORANDUM OPINION AND JUDGMENT

LAWRENCE OLLASON, Bankruptcy Judge.

The above-entitled matter came on for hearing before The Honorable Lawrence Ollason, Bankruptcy Judge, on the complaint of Wayne P. Marsh as trustee for the above-named estate.

The trustee moved for summary judgment claiming that a writ of garnishment obtained prior to ninety (90) days before the filing of bankruptcy amounts to a preferential transfer when the garnishment judgment occurs within the ninety (90) days. The defendant filed a response and cross-motion for summary judgment. Both parties agree that the facts are not in dispute and that this is solely a question of law.

Based on the facts as stipulated, the arguments of counsel, the evidence, and the entire record herein, the court makes the following *FINDINGS OF FACT:*

1. Defendant Heldt Lumber Company (Heldt) obtained a pre-judgment writ and summons of garnishment on July 31, 1981, in the Maricopa County Superior Court, State of Arizona, in an action against debtors.

2. On March 17, 1982, Heldt was awarded a directed verdict against debtors and debtors' garnishee Norton, Burke, Berry, and Junck, P.C.

3. The judgment was signed May 18, 1982.

4. The payment of monies held (non-wages) was made by the garnishee to Heldt.

5. On July 20, 1982, debtors filed a voluntary petition in bankruptcy under Chapter 7 of Title 11.

6. The ninetieth day preceding the filing of the petition was April 20, 1982.

## THE ARGUMENT OF DEFENDANT HELDT LUMBER CO.

Heldt's argument is that the payment on May 25, 1982, "was a satisfaction of a transfer which occurred more than 90 days immediately preceding the date of filing of debtor's Petition." Arizona case law is cited to support the argument that the service of the writ of garnishment is the controlling date. *Weir v. Galbraith*, 92 Ariz. 279, 376 P.2d 396 (1962); *Gillespie Land and Irrigation Co. v. Jones*, 63 Ariz. 535, 164 P.2d 456 (1945).

Heldt also suggests that the trustee may not avoid a transfer that is the fixing of a statutory lien under 11 U.S.C. § 547(c)(6).

## TRUSTEE'S ARGUMENT

The trustee relies strictly on 11 U.S.C. § 547(b) and argues that the time of judgment is controlling, and the preference must be set aside.

## CONCLUSIONS OF LAW

1. This action arises under 11 U.S.C. § 547(b) which provides in part:

"... [T]he trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; ...

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title."

2. There is no dispute that the transfer will enable Heldt to receive more, or that the transfer of the debtors' property was made to partially satisfy the antecedent debt of the defendant. Section 547(e)(4) establishes a presumption of insolvency within the ninety- (90-) day period. This presumption was not rebutted.

3. Section 547(e)(2) determines when a transfer is made:

"[A] transfer is made—(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time; (B) at the time such transfer is perfected, if such transfer is perfected after 10 days."

4. The time at which the transfer is perfected is defined by § 547(e)(1)(B):

"a transfer of a fixture or property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee."

5. "Transfer" is defined in § 101(40) to mean

"Every mode, direct or indirect, absolute or conditional, voluntary or involuntary of disposing of or parting with property or with an interest in property including retention of title as a security interest."

6. This action does not involve a "statutory lien" as suggested by defendant. 11 U.S.C. § 101(27) states that "judicial lien" means a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding."

7. A judicial lien falls within the Bankruptcy Code definition of a "transfer," and, unlike a statutory lien, is not excepted from the trustee's avoiding powers under 11 U.S.C. § 547. Therefore, if the other

elements of a preferential transfer are proved, the trustee may avoid Heldt's lien as a preferential transfer. *In re Riverfront Food and Beverage Corp.*, 29 B.R. 846 (E.D.Mo.1983).

8. The issue in this case revolves around the time of the transfer and is further reduced to the rights of a garnishor under Arizona garnishment statutes, A.R.S. §§ 12–1571, and following, and the Arizona cases interpreting those statutes.

9. If the transfer was perfected when the pre-judgment writ and summons was obtained and served, then no preference exists. If the transfer was perfected by the judgment or the payment, then a preference does exist.

Although this is a question of first impression in this court, there are numerous cases recorded in other jurisdictions which have addressed the foregoing issues under both the Bankruptcy Reform Act of 1978 and the prior Bankruptcy Act. [See *Collier on Bankruptcy*, §§ 60.11 and 67.10 (14th Ed.).] The various courts have had various conclusions because state law determines when a transfer is perfected. *Corn Exchange Nat'l Bank & Trust Co., Philadelphia v. Klauder*, 318 U.S. 434, 63 S.Ct. 679, 87 L.Ed. 884 (1943). Generally, the conclusions depend upon the significance each state gives to the occurrence of either the issuance and service of a writ of garnishment, or the final order or judgment on the garnishment action. The event that triggers a perfection under state law would determine when the transfer occurred for bankruptcy purposes.

Thus, bankruptcy courts presiding in states which create a lien upon the service of a writ of garnishment have ruled against the trustee in a preference action when the writ is served prior to the ninety- (90-) day period. This is so even if actual payment comes within the ninety- (90-) day period. *Walutes v. Baltimore Rigging Company*, 390 F.2d 350 (4th Cir.1968); *In re Cox*, 10 B.R. 268 (Md.1981); *In re Brinker*, 12 B.R. 936 (Mn.1981).

Bankruptcy courts in states that provide an "inchoate" lien upon issuance of the writ and a perfected lien only upon final judgment have upheld the trustee's claim of preference when the date of judgment is within the ninety- (90-) day period. *In re Rose*, 25 B.R. 744 (E.D.Mo.1982). Another Missouri court looked to the time of seizure by the sheriff. *In re Riverfront Food and Beverage Corp., supra.*

Courts have looked to the actual payment date to determine the date of transfer. *In re Devault Manufacturing*, 1 B.R. 710 (E.D.Penn.1979).

## ARIZONA'S LAW

Arizona's garnishment statutes, A.R.S. §§ 12–1571, and following, do not state whether any kind of lien is created upon the issuance or service of a writ of garnishment; however, a judgment lien is created upon the recordation of a judgment. A.R.S. § 33–964. The Arizona Supreme Court case *Kuffel v. United States*, 103 Ariz. 321, 441 P.2d 771, 775 (1968), states that:

> "The effect of the writ of garnishment is, therefore, to impound any asset or property of defendant which is found in the hands of the garnishee pending the resolution of the merits of the garnisher's claim. The writ itself constitutes, at most, a lis pendens notice that a right to perfect a lien on the garnisheed property exists, but such perfection must await judicial action." [Citing both *Gillespie* and *Weir, supra.*]

*Kuffel* ultimately held that the United States Internal Revenue Service had properly filed a prior notice of federal tax lien, which would defeat any subsequent inchoate lien created by writ of garnishment:

> "The most garnisher Kuffel had after service of the writ of garnishment was an inchoate garnishment lien which could not have been perfected until the time judgment was rendered. At that time Kuffel did not have an absolute right to the funds impounded, but did have a right to have his claim heard without fear that the funds would be dissipated pending judgment."

Although the Arizona Supreme Court chose to use the tax term "inchoate" rather than general terms such as "incomplete" or "imperfected," it can at least be stated that a judgment is required before the lien is perfected.

This court is bound by Arizona's highest court's interpretation of garnishment liens. Thus, the words of that court in *Kuffel,* that "perfection must await judicial action" and a creditor-garnishor "did not have an absolute right to the funds impounded," are controlling herein. Since a creditor-garnishor could yet be denied a favorable judgment, it is possible in Arizona that another creditor could acquire a superior judicial lien, even after service of a writ and summons of garnishment by the first creditor. In fact, that is exactly what happened in *Kuffel.*

Therefore, for bankruptcy purposes, a "perfected transfer" under 11 U.S.C. § 547(e)(1)(B) does not occur in an Arizona garnishment action until a judgment is obtained. In this case, Heldt is no different from any other judgment creditor who obtained judgment just prior to debtors filing bankruptcy. In light of the fact that Heldt's lower court action involved a pre-judgment writ and summons of garnishment, this ruling is consistent with the intent of the Bankruptcy Code to prevent creditors from "jockeying" for a better position against debtors' assets.

In conclusion, this court finds that the transfer of funds to Heldt was perfected when the garnishment lien was perfected by judgment. The transfer occurred within the ninety- (90-) day period prior to the filing of the bankruptcy petition. Since the other requisites of 11 U.S.C. § 547(b) have been met, the transfer constitutes a preference and is avoidable by the trustee.

The motion and cross-motion for summary judgment on the complaint by the trustee-plaintiff having been under advisement and this MEMORANDUM OPINION having been filed in respect thereof on this date, and for reasons appearing herein,

IT IS ORDERED that, upon said complaint, judgment be, and it hereby is, entered in favor of the trustee-plaintiff and against the defendant in that:

. . . .

1. The transfer of debtors' funds to defendant Heldt Lumber Co., Inc. is hereby avoided by the trustee-plaintiff.

2. The garnishment lien of defendant Heldt Lumber Co., Inc. is hereby avoided by the trustee-plaintiff and is preserved for the benefit of the estate.

3. The trustee retain the funds, together with any interest earned thereupon, for the purpose of distribution in accordance with the distribution provisions of the Bankruptcy Code.