In re J.H. WELSH & SON CONTRACTING COMPANY, Debtor.

REPUBLIC SUPPLY COMPANY OF CALIFORNIA, a California corporation, Plaintiff,

v.

J.H. WELSH & SON CONTRACTING COMPANY, a corporation; Title Insurance Company of Minnesota, a Minnesota corporation, and the American Insurance Company, a corporation, Defendants.

Bankruptcy No. B 85–0719–PHX–LO. Adv. No. 85–497.

United States Bankruptcy Court, D. Arizona.

Oct. 17, 1986.

Donald Powell, Phoenix, Ariz., for debtor.

Michael S. Rubin, Phoenix, Ariz., for plaintiff.

## MEMORANDUM OPINION AND JUDGMENT

LAWRENCE OLLASON, Bankruptcy Judge.

This matter came to be heard on a motion for summary judgment filed by the plaintiff, Republic Supply Company. The debtor, J.H. Welsh & Son Contracting Company, filed a response and cross-motion for summary judgment. Pursuant to Rule 56, Federal Rules of Civil Procedure, incorporated by Bankruptcy Rule 7056, and Rule 11(i)(1), Rules of Practice for the United States District Court for the District of Arizona, plaintiff and the debtor stipulated that there were no genuine issues as to the following material facts:

### FACTS

1. The plaintiff is a California corporation engaged in the business of furnishing construction materials.

2. On November 6, 1984, the plaintiff filed an open account action against the debtor in state court.

3. The parties stipulated that the amount demanded in the action fairly represents the value of construction materials received on open account.

4. On November 6, 1984, the plaintiff obtained a prejudgment writ of attachment (the "prejudgment attachment") on certain real property owned by the debtor.

5. On November 7, 1984, the county sheriff levied on the real property by recording an endorsed copy of the prejudgment attachment with the Maricopa County Recorder's office.

6. On February 25, 1985, a stipulated judgment was entered in favor of the plaintiff in Maricopa County Superior Court.

7. On March 19, 1985, the debtor filed a Chapter 11 petition.

The plaintiff, Republic, argues that under Arizona law, its lien was perfected by levy of a writ of prejudgment attachment by the county sheriff. This occurred on November 7, 1984, four and one half months prior to the date the petition was filed. Republic contends that its lien falls outside the 90 day preference period and may not be avoided by the debtor.

The debtor argues that Republic's lien was not perfected until the judgment was

entered on February 25, 1985. The debtor contends that this lien may be avoided as a preference under 11 U.S.C. 547(b).

## ISSUE

DOES THE LEVY OF A PREJUDGMENT WRIT OF ATTACHMENT CONSTITUTE A PERFECTION OF AN INTEREST PURSUANT TO 11 U.S.C. 547(e)(1)(A) UNDER ARIZONA LAW?

## DISCUSSION

The elements of a preference under 11 U.S.C. 547(b) consist of the following:

"The trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider;

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title."

This section provides that certain transfers from the debtor to creditors 90 days before the filing of the petition in bankruptcy may be avoided by the trustee or debtor-in-possession. In order to apply the above elements, it is necessary to determine the point in time that the transfer occurred. Section 11 U.S.C. 547(e)(1)(A) sets forth the guidelines in making that determination. 11 U.S.C. 547(e)(1)(A) establishes the rule for a transfer of an interest in real property:

"a transfer of real property other than fixtures, but including the interest of a seller or purchaser under a contract for the sale of real property, is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee."

A transfer of an interest in real property becomes effective when it is perfected. Perfection is gauged by determining whether the transferred interest will prevail over both creditors and bona fide purchasers of the transfer. What is necessary to perfect such a transfer depends entirely on state law. *In re Gulino*, 779 F.2d 546 (9th Cir.1985); 4 Collier on Bankruptcy 547.48, at 147–150 (15th Ed.1985).

The debtor argues that a decision by this court in *In re McCoy*, 46 B.R. 9 (Bkrtcy.D.Ariz.1984) is dispositive of the issue. In that case, a judgment was obtained on a writ of garnishment within the 90 day period preceding the bankruptcy filing. This court noted that the "Arizona garnishment statutes, A.R.S. §§ 12–1571 and following, do not state whether any kind of lien is created upon the issuance or service of a writ of garnishment; however, a judgment lien is created upon the recordation of a judgment. A.R.S. 33–964." *McCoy*, 46 B.R. at 11. The creditor argued that the service of the writ of garnishment, which was outside the 90 day preference period, should be considered the controlling transfer date. This court relied on the Arizona Supreme Court's interpretation of garnishment liens in *Kuffel v. United States*, 103 Ariz. 321, 441 P.2d 771 (1968) and held that a perfected transfer, for bankruptcy purposes, does not occur in an Arizona garnishment action until a judgment is obtained. The judgment was recorded within the 90 days before the filing and was, therefore, found to be a preference.

In this case, Republic obtained a prejudgment writ of attachment that was

levied on the debtor's real property outside of the 90 day preference period. The judgment on the attachment was entered 30 days before the bankruptcy petition was filed. The debtor argues that the court should look to the date the judgment was recorded as the controlling transfer date, as this court did in the *McCoy* case.

A.R.S. §§ 12–1530 and following, governs writs of attachments. The Arizona Supreme Court, in dicta, notes a critical distinction between the garnishment and attachment statutes:

"Additionally, we note that an express lien is provided when a writ of attachment is levied upon property pursuant to A.R.S. 12–1532. This code provision was adopted from Texas at the same time our garnishment scheme was adopted from Texas.... When the legislature adopted the attachment statutes expressly providing for a lien and at the same time adopted the garnishment statutes without expressly or impliedly creating a lien on a debt, there is a strong inference that the legislature considered and rejected a garnishment lien against a debt." *Jackson v. Phoenixflight Productions*, 145 Ariz. 242, 246, 700 P.2d 1342, 1346 (1985).

A.R.S. § 12–1532(A) states that:

"The levy of the writ of attachment upon any property of defendant subject thereto is a lien from the date of the levy on the real property and on such personal property as remains in the custody of the attaching officer and on the proceeds of such personal property as is sold."

The statute clearly provides that a lien is created when the attachment is levied. The same is not true when a writ of garnishment is served. A judgment must be obtained on a writ of garnishment before a lien is created.

The creation of an express lien gives the attaching creditor priority over any subsequent bona fide purchasers or creditors. It is evident that, under 11 U.S.C. 547(e)(1)(A), the levy of a writ of attachment meets the required perfection test. In this case, the county sheriff levied on the real property

the prejudgment attachment by recording a copy of the prejudgment attachment with the Maricopa County Recorder's office. This occurred on November 7, 1984, outside the 90 day preference period. The final judgment was recorded on February 25, 1985, 30 days before the petition was filed, but the lien had become effective on November 7, 1984. Republic's interest was perfected outside the preference period and the debtor's argument that the effective transfer date did not occur until February 25, 1985 cannot be sustained.

In conclusion, this court finds that the levy of the prejudgment attachment on November 7, 1984 perfected Republic's interest outside the 90 day preference period. One of the elements under 547(b) requires that the transfer of an interest in the debtor's property occur on or within 90 days before the filing of the petition. This element was not satisfied. Republic's interest cannot be avoided as a preference.

For the reasons above stated, the Plaintiff's Motion for Summary Judgment is hereby granted. This Memorandum Opinion and Judgment constitutes the Findings of Fact and Conclusions of Law required by Bankruptcy Rule 7052.