**In the Matter of VETERAN PLATE GLASS COMPANY, INC., Debtor.**

**Bankruptcy No. B86–01091–Y.**

United States Bankruptcy Court,
N.D. Ohio.

Feb. 18, 1987.

Mary Beth Houser, Youngstown, Ohio, for debtor, Veteran Plate Glass Co., Inc.

Coleen Hall Dailey, J.D., East Liverpool, Ohio, for Tandy Computer Leasing.

## MEMORANDUM OPINION

WILLIAM T. BODOH, Bankruptcy Judge.

This cause came on for consideration upon the Motion of TANDY COMPUTER LEASING for modification of the automatic stay, for abandonment, and for a determination of non-avoidability of a transfer. The Trustee has objected to the relief sought.

Debtor, VETERAN PLATE GLASS COMPANY, INC., filed a Petition for Relief under Chapter 11 of the Bankruptcy Code on October 17, 1986. RICHARD G. ZELLERS, ESQ., was duly appointed to serve as Trustee in the Chapter 11 case by Order dated November 21, 1986.

Prior to the filing, TANDY COMPUTER LEASING obtained a judgment against the Debtor in the amount of Four Thousand, Eight Hundred Fifty-Eight & 98/100 Dollars ($4,858.98). To satisfy the judgment, TANDY obtained a Writ of Execution against a 1982 Chevrolet S–10 Pickup Truck and against a Radio Shack printer and computer, all titled in the name of the Debtor. The property was duly seized by the Columbiana County Sheriff's Department on September 9, 1986 and would have been subject to a Sheriff's Sale on October 20, 1986, had it not been for the Chapter 11 filing. The property is currently in the possession of the Columbiana County Sheriff's Department.

After the Chapter 11 filing, TANDY filed the instant Motion for modification of the automatic stay and for other relief. Essentially, TANDY's Motion seeks a determination that it has an interest in the property currently being held by the Sheriff of Columbiana County, that its interest is non-avoidable under the provisions of the Bankruptcy Code and that the Sheriff's Sale should be permitted to proceed.

The Trustee has objected to the relief sought by TANDY. In support, the Trustee argues that TANDY has no lien interest in the subject property. In addition, the Trustee argues that, even if TANDY does have an interest in the property by virtue of the seizure pursuant to the Writ of Execution, that interest is subject to avoidance as a statutory lien or as a preference under 11 U.S.C. Secs. 545 and 547. Finally, the Trustee argues that the relief sought by TANDY should be denied because the subject property is necessary to the reorganization of the Debtor.

## DISCUSSION

■ The first issue to be determined in this cause is whether TANDY has any lien interest, under applicable non-bankruptcy state law, in the property currently being held by the Sheriff of Columbiana County. The answer is found at O.R.C. Sec. 2329.03, which provides:

Lands and tenements of a judgment debtor shall be bound with a lien for the satisfaction of any judgment of any court of general jurisdiction, including district courts of the United States, within this state . . ., from the time when the same are seized in execution. *Goods and chattels of a judgment debtor shall be bound from the time they are seized in execution.* (emphasis added).

It is clear that by virtue of this provision of Ohio law, TANDY is the holder of an execution lien, which lien became perfected at the time the subject property was seized by the Sheriff.

■ In addition to determining TANDY's interest in the seized property, the Court must also determine whether that interest is avoidable under the provisions of the Bankruptcy Code.

The Trustee first argues that the lien interest of TANDY can be avoided under Sec. 545 of the Bankruptcy Code, which Section permits the avoidance of certain statutory liens. However, a cursory glance at Sec. 545 reveals that it is not available for use by the Trustee in these circumstances.

11 U.S.C. Sec. 101(45) explicitly excludes "judicial liens" from the definition of a "statutory lien." Sec. 101(30) defines as "judicial lien" as a "lien obtained by judgment, *levy*, sequestration, or other legal or other equitable process of proceeding." (emphasis added). It, thus, appears that TANDY's interest is classified as a "judicial lien" under the Code rather than a "statutory lien." Thus, Sec. 545 cannot be used to avoid that interest.

■ The Trustee next argues that TANDY's interest is avoidable as a preference under Sec. 547. For the reasons set forth below, the Court determines that the interest of TANDY is, indeed, avoidable as a preference and, thus, will Order the return of the property to the Debtor.

11 U.S.C. Sec. 547 provides:

(b) except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

1) to or for the benefit of a creditor;

2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

3) made while the debtor was insolvent;

4) made—

A) on or within 90 days before the date of the filing of the Petition ...;

5) that enables such creditor to receive more than such creditor would receive if—

A) the case were a case under Chapter 7 of this Title;

B) the transfer had not been made; and

C) such creditor received payment of such debt to the extent provided by the provisions of this Title.

Applying the elements of Sec. 547 to the facts of this case, there is no doubt that the obtaining of a lien interest by seizure, pursuant to a writ of execution constitutes a "transfer of an interest of the debtor in property" for purposes of the preference provision. *See generally, Hunter v. Associated Supplies, Inc., (In re Clyde Welding Service, Inc.)*, 5 Ohio Op.3d 226 (Bankr. N.D.Oh.1977); 4 *Collier on Bankruptcy,*

Sec. 547.12 at 547–52 (15th Ed.). Secondly, there can be no question that the transfer was made to or for the benefit of a creditor in this case. There is, likewise, no doubt that the transfer was on account of an antecedent debt. The fourth element of a preference; i.e., the insolvency of the debtor at the time of the transfer, is satisfied by a mere glance at the Schedules in this cause. There is also no question that the transfer occurred within ninety (90) days of the filing, since the seizure occurred on September 9, 1986 and the Debtor filed its Chapter 11 Petition on October 17, 1986.

The final element of a preference requires a showing that the transfer enables a creditor to receive more than it would have in a Chapter 7 proceeding. In this case, the Schedules filed by the Debtor show assets totalling One Hundred Thirteen Thousand & 00/100 Dollars ($113,000.00), priority debt in excess of One Hundred Thousand & 00/100 Dollars ($100,000.00), and unsecured debt in excess of One Hundred Sixty-Seven Thousand & 00/100 Dollars ($167,000.00). Considering these amounts, it is clear that the unsecured creditors in this cause would not have received anything near the total amount owed to them in a Chapter 7 proceeding. TANDY, otherwise an unsecured creditor, should not be placed in a better position than the rest of the unsecured creditors. To allow TANDY to do so would be to defeat the purposes of the preference provisions and the Bankruptcy Code in general; i.e., equality of distribution among creditors of the same class.

The Court is cognizant of the fact that actions to avoid preferences should ordinarily be brought by adversary proceeding. However, in this case, TANDY is the party who first requested this Court, by its Motion, to determine the avoidability of TANDY's interest in the property. Therefore, it cannot now be heard to complain that the issue is not properly before the Court.

The Court will issue an Order overruling TANDY's Motion and Ordering the return of the seized property to the Debtor.