Cindylou A. YARDAS (Wilson),
Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee,

Paul L. Wilson and Norman G.
Zemmelman, Defendants.

No. 88–3932.

United States Court of Appeals,
Sixth Circuit.

Argued June 13, 1989.

Decided April 3, 1990.

Steven P. Collier (argued), William M. Connelly, Connelly, Soutar & Jackson, Toledo, Ohio, for plaintiff-appellant.

Thomas A. Karol, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Toledo, Ohio, for defendant-appellee.

Before KENNEDY, GUY and NORRIS, Circuit Judges.

ALAN E. NORRIS, Circuit Judge.

Appellant, Cindylou Yardas, a judgment creditor of Paul L. Wilson, served a statutory notice of garnishment, which had been issued by a state court, upon the Clerk of the United States District Court. The notice advised the clerk that the state court had reason to believe that the district court had "in your hands or under your control" personal property belonging to Wilson which was subject to garnishment or execution to satisfy Yardas' judgment. The property sought by Yardas had been seized by the F.B.I. pursuant to a search warrant issued by the district court. By the time the notice was served, the property had come into the possession of the United States Marshals Service in that district.

The question raised by the appeal is whether Yardas' notice was effective to establish a claim superior to a subsequently perfected lien of the Internal Revenue Service. In granting the government's motion for summary judgment the district court concluded that, although the property was seized pursuant to the authority of the district court, notice to the court was ineffective since the Marshal had actual custody and control of the property. For reasons which follow, we reverse.

## I.

In May 1985, pursuant to a search warrant, F.B.I. agents seized personal property Wilson had used in an illegal gambling business. The property was later transferred from the F.B.I. field office to the Marshal. In December, the government brought a forfeiture proceeding pursuant to 18 U.S.C. § 1955(d). The seized property at issue in this case—a 1984 Jeep, a 1983 Mercedes Benz, a 1978 Mercedes Benz, miscellaneous jewelry and coins, and two prints—was not the subject of the forfeiture action.

On May 16, Yardas obtained a civil judgment against Wilson in the Lucas County Court of Common Pleas in the amount of $99,740. On May 20, she filed an affidavit with that court, seeking property of Wilson held by a third party, the "United States District Court," to satisfy her judgment. The state court issued a "Court Order and Notice Of Garnishment," pursuant to Ohio's garnishment statute, and it was served on the Clerk of the United States District Court. The district court, as garnishee, was directed to report to the court of common pleas any personal property of Wilson in its possession or under its control. The clerk's response listed the property sought in the forfeiture action, but not the other property seized pursuant to the search warrant and then held by the Marshals Service.

In September, the government initiated a second action, this time seeking forfeiture of the remaining property. The district court granted Yardas' motion to intervene, in order that she might assert an interest in the personal property. On June 9, 1987, the district court granted the government's motion to voluntarily dismiss the forfeiture action.

On May 15, the Marshals Service was served by the I.R.S. with a notice of levy. That notice asserted a tax lien in the amount of $554,324.85 on all property of Wilson being held by the Marshal. The Marshal turned the property over to the I.R.S. and it was sold.

Yardas initiated this action for a declaratory judgment, contending that the notice served on the clerk was effective to establish a right to the property which was superior to that of the I.R.S., since it was seized under the authority of a warrant issued by the district court and was being held by the Marshal as an agent of the district court. The district court, however, concluded that the Marshals Service is an executive branch agency, independent of the district court, and that the court cannot be charged with having control of all property seized pursuant to a warrant.

## II.

Federal law determines the priority between a federal tax lien and a judgment creditor's lien. *See United States v. Gilbert Assocs.*, 345 U.S. 361, 363, 73 S.Ct. 701, 703, 97 L.Ed. 1071 (1953); 26 U.S.C. § 6323. Generally, a federal tax lien arises against property belonging to a delinquent taxpayer from the time he refuses or neglects to heed a lawful demand to pay. *See* 26 U.S.C. § 6321. Congress, however, has chosen to extend special protection to holders of judgment liens whose interests are perfected before they have constructive notice of an outstanding federal tax lien. *See United States v. City of New Britain*, 347 U.S. 81, 85, 74 S.Ct. 367, 370, 98 L.Ed. 520 (1954); 26 U.S.C. § 6323(a). Accordingly, a judgment lien will have priority over a federal tax lien if the judgment lien is perfected before the government gives constructive notice of its lien to the public by filing written notice with the appropriate state or county agency. *See* 26 C.F.R. § 301.6323(h)–1(g). Courts must look to state law to determine whether a competing judgment lien is perfected. *Aquilino v. United States*, 363 U.S. 509, 512–13, 80 S.Ct. 1277, 1279–80, 4 L.Ed.2d 1365 (1960).

■ In Ohio, one method by which a judgment creditor can obtain a lien upon his judgment debtor's personal property is by serving a notice of garnishment on a "garnishee," a person who is in possession or control of the judgment debtor's property. *See* Ohio Rev.Code Ann. § 2716.13(B), (D). Ohio law provides that

[a] garnishee is liable to the judgment creditor for all money, property, and credits, other than personal earnings, of the judgment debtor *in his possession or under his control* or for all personal earnings due from the garnishee to the judgment debtor, whichever is applicable, from the time the garnishee is served with the written notice required in section 2716.05 or 2716.13 of the Revised Code.

Ohio Rev.Code Ann. § 2716.21(D) (emphasis added). Under the Ohio statute, then, Yardas could establish her claim to the property by serving the notice of garnishment on the person or entity having Wilson's property "in his possession or under his control."

■ Because Yardas' notice of garnishment was served on the clerk approximately a year before the I.R.S. served its notice of levy, the government concedes that the garnishment notice was effective to establish a perfected interest in any of Wilson's property which was in the possession of the district court. It contends, however, that the notice was ineffective to establish an interest in the property in question because the Marshal had custody and control of the property; garnishment efforts should have been directed at the Marshal. We disagree.

Under the circumstances of this case, it appears that Yardas did give to a third party in possession or control of her judgment debtor's property the notice contemplated by the Ohio statute. In the context of this case, the key words in the statute are "under his control." The property was seized at the direction of and under the authority of the district court. In executing the warrant, the F.B.I. was acting under the direction of the court, was restricted to seizing only what the warrant

permitted, and was subject to any conditions of custody specified in the warrant. For a time, the property was in the possession of the F.B.I.; later, it was held by the Marshal. Obviously, while in possession of the property, those agencies exerted a degree of control over it. However, for purposes of the garnishment statute, the property was under the control of the district court. That is because, when one views the property in the context of its seizure, retention, and disposition and of any question of entitlement as between Wilson and the federal government, the district court's control over the property was superior to that of the F.B.I. or the Marshal. As among the F.B.I., the Marshal, and the district court, primary and ultimate control over disposition of the property rested with the court.

■ Under these circumstances, Yardas, upon learning that her judgment debtor's property had been seized pursuant to the district court's search warrant, was warranted in assuming that the district court exercised ultimate control over the property. Difficulties encountered in determining the government agency in actual possession of seized property are more formidable than the government acknowledges. Although the government does not contend that the transfer of the property to the Marshal was readily discernible from court records, nevertheless, under the government's theory, had Yardas served the F.B.I., as the agency seeking the warrant and seizing the property, she would have served the wrong party.

Under somewhat analogous circumstances, the Court of Appeals for the District of Columbia rejected the government's argument that, because money was held by local police officials, the district court lacked jurisdiction to return property taken from the accused, after the indictment against her had been dismissed.

> [W]hoever holds the money does so as agent for, and subject to the ultimate direction of the United States District Court for the District of Columbia, under the authority of whose process the money was seized.

> ... [I]t is the United States District Court that has primary jurisdiction over the money and property seized pursuant to its warrant and upon which it issued its indictment because pursuant to law it issued its warrant authorizing and directing the search and seizure and requiring the seizing officer to "prepare a written inventory ... and bring the property before me as required by law." If the District of Columbia or the property clerk have somehow come into the possession of such money or property they hold it as agents subject to the order of the United States Courts.

*United States v. Wright*, 610 F.2d 930, 938–39 (D.C.Cir.1979) (emphasis deleted). Wilson's property was also seized pursuant to district court authority and, once seized, was no less subject to court order than the property at issue in *Wright*.

### III.

For the foregoing reasons, the order of the district court is reversed, and this cause is remanded for further proceedings according to law and consistent with this opinion.

CORNELIA G. KENNEDY, Circuit Judge, dissenting.

I am unable to agree that service of notice of garnishment on the clerk of the District Court established a perfected interest in Wilson's property which was in the possession of the United States Marshal following seizure under a search warrant.

The search warrant gave agents of the Federal Bureau of Investigation, a branch of the executive department, authority to seize the property. Fed.R.Crim.P. 41 requires that the officer seizing the property give a receipt to the person from whom it is seized (or leave a receipt at the premises searched). An inventory of the property seized must be filed with the District Court. But it is clear that it is the executive branch which is directed to seize the property. The executive branch retains the property. The property is not turned over to the court. The court has merely authorized the seizure. The executive branch

remains free to return the property to the owner without any permission from the District Court. The same is not true of the court. Although persons aggrieved by an unlawful seizure may move the District Court for return of their property, it requires a hearing to which the executive branch must be a party and an adjudication to return it. Moreover, it is the executive branch which is ordered to return the property. Fed.R.Crim.P. 41(e).

The court's authority over seized property is not unlike its authority when property is seized pursuant to a writ of attachment or execution. A court order or writ authorizes the seizure of the property. If it is improperly seized the court can order its return. Once again, this can be done only after hearing and an adjudication. The court retains that power whether the property is still in the hands of the seizing official or the party who secured the writ. The fact that a court has authority to affect the ultimate disposition of the property does not mean that the property is in its possession and control.

Nor can I agree that the marshal is the agent of the District Court when maintaining custody of seized property. As pointed out by the Third Circuit in *Chabal v. Reagan*, 841 F.2d 1216 (3d Cir.1988):

United States Marshals are officers of the Department of Justice. 28 C.F.R. § 0.5(a). They are appointed by the President, with the advice and consent of the Senate, and are placed by statute under the supervision and direction of the Attorney General. 28 U.S.C. §§ 561(a), 569(c). The Attorney General oversees the activities of the marshals through the United States Marshals Service, a bureau of the Department of Justice. 28 C.F.R. § 0.1.

. . .

As early as 1890, the Supreme Court ruled that "marshals of the United States ... belong emphatically to the executive department of the government." *In re Neagle*, 135 U.S. 1, 63, 10 S.Ct. 658 [668], 34 L.Ed. 55 (1890). The Court has since reiterated that "Marshals are within the Executive Branch of the Federal Government, ... subject to the supervision and direction of the Attorney General ... [and] funded through Department of Justice appropriations." *Pennsylvania Bureau of Correction v. United States Marshals Serv.*, 474 U.S. 34, 36 n. 1, 106 S.Ct. 355, 358 n. 1, 88 L.Ed.2d 189 (1985).

*Id.* at 1219–20.

Marshals control the custody and disposition of assets seized by the Department of Justice, not because the District Court orders it, but because of regulations adopted by the executive branch. 28 C.F.R. § 0.111(i). The discharge of these duties is subject to the direction and supervision of the Attorney General. The *Chabal* court recognized that the marshals provide a variety of services to the judiciary but concluded that merely because the court benefits from these services does not make those activities quasi-judicial. As the Court pointed out in *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985), federal courts may direct the actions of United States Marshals only when pursuant to express statutory authority.

Although the Marshals Service does on occasion hold property for a United States District Court (goods deposited as security for a bond for example), that property is held separate from property it holds for executive agencies.

Considerable reliance is placed on the fact that the property here was seized pursuant to a search warrant. Yet the FBI's handling of the property is the same whether seized pursuant to a warrant or seized under exigent circumstances. The federal agency turns the property over to the marshal under the Department of Justice regulation. The power of the court to require the return of the property if wrongfully seized is the same. The power to order its return is expressly provided in Rule 41. In both instances, possession and control of the property remains in the executive branch which can return the property at any time. It need not consult the court which surely would be necessary if the

property were in the court's control or possession.

*United States v. Wright,* 610 F.2d 930 (D.C.Cir.1979), relied upon by the majority, arose under the District of Columbia Code. The District of Columbia search warrant in that case is distinguishable from the federal warrant in that it required the officers to bring the property before the court. *Id.* at 932. Moreover, the issue decided in *Wright* was whether the court had jurisdiction to hear a motion to return the property after the criminal case was closed. The property had been transferred from the property clerk of the Metropolitan Police District to the General Revenue fund of the District of Columbia. The court held that the criminal courts which had authorized the seizure of the property retained jurisdiction to order its return even post-conviction or after dismissal of the charges. The District of Columbia Code provided that the court could order the return of property after an acquittal but was silent with respect to the court's jurisdiction after conviction or dismissal. The government argued that since the District of Columbia was not a party to the criminal action (the United States was the named party), the court lacked jurisdiction to enter an order in the criminal proceeding directing the District of Columbia to return the property. It is in this connection that the court made the statement relied upon by the majority. The court noted that the search warrant required the executing officers to "bring the property before me [the issuing magistrate]." *Id.* at 932 n. 1. In view of that requirement, the court decided that if the District of Columbia or the property clerk thereafter came into possession of the property they held it as agents of the United States. The magistrate once having possession and control of the property which was brought before him could be said to have been required to maintain that possession and control, and the property clerk was seen as the court's agent to maintain that control. In the case of a federal search warrant the property is not brought before the court but remains in the possession and control of the executive branch. The clerk of the court has no say in where or how the property should be stored. The executive which seized the property retains possession and control until it either voluntarily returns the property to the owner or is ordered after hearing and adjudication to return it, to turn it or its proceeds over to the treasury, or in the case of contraband perhaps, destroy it.

The majority's decision places a heavy burden on the District Court clerk. Search warrant returns may be filed under miscellaneous numbers which reflect only addresses. The inventory which is the only document filed with the clerk may or may not disclose the ownership of the property. The holding that the clerk has possession and control of the seized property will require the clerk to catalogue seized property and preserve it, duplicating the efforts of the Marshals Service and engendering possible conflicts as to the manner in which the property should be safeguarded.

Were I to agree with the majority that the District Court had possession and control of the property, I would remand the action for determination of whether the property was *in custodia legis* and therefore not subject to garnishment.