**In re BATTERY ONE-STOP LTD., Debtor.**

**BATTERY ONE-STOP LTD., Plaintiff-Appellant,**

v.

**ATARI CORPORATION, Defendant-Appellee.**

No. 93-3996.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 4, 1994.

Decided Sept. 23, 1994.

Joseph C. Lucci (argued and briefed), Timothy M. Reardon (briefed), Nadler, Nadler & Burdman, Youngstown, OH, for plaintiff-appellant.

Charles M. Rosenberg (argued and briefed), Jonathan R. Cooper, Benesch, Friedlander, Coplan & Aronoff, Cleveland, OH, for defendant-appellee.

Before: LIVELY, MARTIN, and SUHRHEINRICH, Circuit Judges.

LIVELY, Circuit Judge.

In this bankruptcy case we must determine at what stage in garnishment proceed-

ings under Ohio law a "transfer" takes place for purposes of 11 U.S.C. § 547(b), which permits a trustee in bankruptcy to avoid transfers of interests in a debtor's property made within 90 days before the date of filing a petition in bankruptcy.

## I.

### A.

The parties filed a stipulation of undisputed facts. Battery One–Stop (Battery) is a national retail dealer of battery-powered products that purchased large quantities of Atari merchandise in 1990. In 1991, Battery could no longer make payments on the debt owing to Atari and delivered a cognovit promissory note to Atari for $137,948.81. Battery eventually defaulted, and on September 11, 1991, Atari took judgment on the note for $106,797.37 in the Mahoning County Ohio Common Pleas Court. That same day, Atari began execution of the judgment by filing with the court an "Affidavit, Order and Notice of Garnishment" (the garnishment order).

On September 17, 1991, the Mahoning County Clerk of Courts Office served the garnishment order on Dollar Savings and Trust Company (Dollar Savings) in Youngstown, Ohio, where Battery had $106,870.01 on deposit. Dollar Savings received the garnishment order on September 19, 1991. Four days later, on September 23, Dollar Savings filed its Answer of Garnishee stating that it was holding the entire amount in Battery's account pursuant to the garnishment order. On September 26, Dollar Savings disbursed a check for $106,870.01 to the Mahoning County Clerk of Courts Office, which received the check on September 27, 1991. The court clerk issued Atari a check for $106,433.02 on October 24, 1991.

Battery filed for Chapter 11 Bankruptcy on December 24, 1991, 96 days after the garnishment order was served on Dollar Savings and 88 days after the Mahoning County Court received the check from the bank. Soon after, Battery's trustee moved the bankruptcy court for an order requiring Atari to turn over the $106,870.01 as a preferential transfer under 11 U.S.C. § 547.

### B.

In the proceedings below, the parties agreed that a "transfer" is made at the time a lien is perfected against the debtor's estate, *Butz v. BancOhio Nat'l Bank,* 13 B.R. 425, 427 (Bankr.S.D. Ohio 1981), and that perfection is determined under Ohio law. *In re Ramco American International, Inc.,* 754 F.2d 130, 132 (3d Cir.1985). The issue presented to the bankruptcy court, therefore, was when Atari's lien became perfected under Ohio law. Battery argued that Atari's garnishment lien was not perfected until the clerk's office received the funds on September 18—88 days before the petition was filed. Atari claimed, on the other hand, that its garnishment lien was perfected when the clerk of courts office served the garnishment order and notice upon the garnishee, Dollar Savings, on September 19—96 days before bankruptcy proceedings commenced.

The bankruptcy court found that under Ohio law a garnishment lien does not become perfected until the funds are transferred by the garnishee to the clerk of courts office. In this case, Dollar Savings did not transfer the money to the clerk until September 27, 1991, less than 90 days before Battery filed for bankruptcy. Therefore the court held that the transfer was a preference and the debtor's estate should recover the funds. The district court reversed, finding that the garnishment lien was perfected when the notice of garnishment was served on Dollar Savings. 155 B.R. 727. Since the notice was served 96 days before Battery filed for bankruptcy, the district court held that there was no preference and that Atari was not required to turn the funds over to the trustee. This appeal followed. For the reasons set forth below, we affirm the judgment of the district court.

## II.

### A.

The general question on appeal is whether Dollar Savings' garnishment payment to Atari constituted a voidable preference, allowing the bankruptcy trustee to recover the

funds for Battery's bankruptcy estate. The Bankruptcy Code deals with preferences in 11 U.S.C. § 547 (1988). This case concerns 11 U.S.C. § 547(b)(4)(A), which provides that a trustee can "avoid any transfer of an interest of the debtor in property ... made on or within 90 days before the date of the filing of the petition." A "transfer" is subsequently defined in 11 U.S.C. § 547(e)(2)(B), which states that "a transfer is made ... at the time such transfer is perfected...." The Code defines when perfection occurs by providing that a transfer is perfected "when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." 11 U.S.C. § 547(e)(1)(B). A more precise definition of "perfection" is left to state law. *In re Belknap, Inc.,* 909 F.2d 879, 882 (6th Cir.1990) (citing 4 *Collier on Bankruptcy* ¶ 547.16 (L. King 15th ed. 1990)). Treating the perfection of Atari's garnishment lien as perfection of a transfer of Battery's property for purposes of the preference statute, we must determine when that lien was perfected under Ohio law.

### B.

Returning to their arguments in the bankruptcy court and the district court, Atari contends that the transfer was perfected when the garnishment order and notice was served on the bank while Battery maintains that perfection did not occur until the bank disbursed the garnished funds to the clerk of the state court.

Atari relies on Ohio Revised Code Annotated (O.R.C.) § 2716.13(B), which provides that the order of garnishment "shall bind the property ... of the judgment debtor in the possession of the garnishee from the time of service." Atari claims, and the district court agreed, that the word "bind" is equivalent to perfection. Further evidence favoring this interpretation is found in O.R.C. § 2716.-21(D), which states that "[a] garnishee is liable to the judgment creditor for all money, property, and credits, other than personal earnings, of the judgment debtor in his possession or under his control ... from the time the garnishee is served with the written notice required in section ... 2716.13 of the Revised Code."

Battery argues that the correct answer to the question of when perfection occurs is found in cases holding that an order of garnishment does not perfect the garnishment lien, but merely "binds" the property until a court can identify the interests involved. One such case is *Januzzi v. Hickman,* 61 Ohio St.3d 40, 44, 572 N.E.2d 642 (1991), where the Ohio Supreme Court held that the garnishee is merely a "stakeholder" in the garnishment proceedings, and that "the order to a garnishee to pay into court is merely preparatory to further proceedings. It does not finally determine the garnishee's liability." *Id.* at 43–44, 572 N.E.2d 642. The bankruptcy court in the instant case used this language to find that providing notice to Dollar Savings only initiated the garnishment proceedings, and that "the right of the garnisheeing judgment creditor to the judgment debtor's property held by the garnishee matures upon the Court's issuance of the order to pay the property to the judgment creditor."

### C.

No Ohio court has directly held that "bind" means perfection under section 2716.13(B). However, one court has analyzed similar language found in O.R.C. § 2329.03, which provides that "goods and chattels of a judgment debtor shall be bound from the time they are seized in execution." *In re Veteran Plate Glass Co., Inc.,* 71 B.R. 74 (Bankr.N.D. Ohio 1987). In *Veteran Plate Glass,* a judgment creditor executed its judgment by seizing a debtor's computer and pickup truck. The court found "[i]t is clear that by virtue of this provision of Ohio law [§ 2329.03], [the judgment creditor] is the holder of an execution lien, which lien became perfected at the time the subject property was seized by the Sheriff." *Id.* at 75. Since the debtor's property was taken within 90 days of the debtor's filing for bankruptcy, the court held that the execution on the judgment was a preference requiring the creditor to return the property to the debtor's estate. The district court in the instant case, by analogy, interpreted the "bind" language of section 2716.13(B) to mean that a garnishment lien is perfected when the garnishee receives the notice of

garnishment. See also *Butz v. BancOhio Nat'l Bank,* 13 B.R. 425, 428 (Bankr.S.D. Ohio 1981) (under § 2329.03 execution is perfected when sheriff seizes property).

### III.

In order to discover the date of the transfer's perfection we must determine the time at which "a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee [Atari]." 11 U.S.C. § 547(e)(1)(B).

### A.

O.R.C. § 2716.13(B) provides that the order of garnishment binds the property of the judgment debtor in possession of the garnishee from the time of service of the order and notice required by the statute. O.R.C. § 2716.21(D) states that a garnishee is liable to the judgment creditor for property of the judgment debtor in the garnishee's possession "from the time the garnishee is served with the written notice required in ... section 2716.13 of the Revised Code." Taken together these two statutory provisions tell us that no creditor on a simple contract could acquire a lien superior to the transferee, in this case the judgment creditor Atari.

### B.

We do not believe this court's decision in *In re Corbin,* 350 F.2d 514 (6th Cir.1965), or the Ohio Supreme Court's decision in *State ex rel. Auto Loan Co. v. Jennings,* 14 Ohio St.2d 152, 237 N.E.2d 305 (1968) compels the contrary conclusion.

### (1)

The issue in *Corbin* was whether title to money paid into an Ohio state court pursuant to an order of garnishment had passed to the judgment creditor or whether the judgment creditor had only a lien on the money that was void under the preference provision of the Bankruptcy Act of 1898 then in force. 350 F.2d at 516. The court held that because the clerk of courts paid the garnished funds to the creditor on the day the petition in bankruptcy was filed, the creditor's lien was extinguished. *Id.* at 517.

The preference provision of the Bankruptcy Act in force when *Corbin* was decided provided that a lien against the property of a person obtained by legal or equitable process within four months of the filing of a petition in bankruptcy was "null and void" if the debtor was insolvent at the time the lien was obtained. Sec. 67(a) of the Bankruptcy Act, 11 U.S.C. § 107(a) (1952). In *Corbin* the garnished funds were in the hands of the clerk of courts when the debtor filed for bankruptcy. Because the funds were in the custody of the law and had not been paid over to the creditor who garnisheed them, the court found that the creditor did not have title to the funds and his lien was extinguished by reason of the "null and void" language of then controlling section 107.

In contrast to the Bankruptcy Act's "null and void" provision, the present Bankruptcy Code makes certain transfers voidable at the election of the trustee in bankruptcy and the issue is not one of title, but of "perfection." And, as stated, perfection occurs at that time "when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." 11 U.S.C. § 547(e)(1)(B). At the time the clerk serves a garnishment order obtained by a judgment creditor on a person in possession of the judgment debtor's property, the judgment creditor has a lien superior to any judgment lien that might be acquired by another creditor suing on a simple contract. That is so because the garnishment order "bind[s]" the property of the debtor in possession of the garnishee, O.R.C. § 2716.13(B), and the garnishee is "liable to the judgment creditor" for such property from the time the order and notice to respond are served on the garnishee. O.R.C. § 2716.21(D).

From the time the property is so bound and the garnishee becomes liable to the creditor for the property, no other creditor under a simple contract claim can acquire a lien superior to that of the creditor whose garnishment proceedings have reached this stage. Because *Corbin* turned on determination of title rather than the time of perfection, it does not control application of the

present preference statute, 11 U.S.C. § 547, to transfers achieved through garnishment.

### (2)

In *Jennings* the question was whether the clerk of a state court holding funds that had been paid into court pursuant to a garnishment order was required to pay the funds to the creditor in view of the fact that the judgment debtor filed a petition in bankruptcy during the preference period. Syllabus 2 in *Jennings* reads as follows:

> Where a garnishee, under a garnishment order issued by a Municipal Court, pays the garnished funds to the clerk of the court, the garnished funds are not shielded from a trustee in bankruptcy where the judgment debtor is insolvent *at the time the garnishment order is issued by the court.*

14 Ohio St.2d at 152, 237 N.E.2d 140 (emphasis added). In the text of the opinion the court referred to the date the funds were paid into court by way of setting forth the facts. Nevertheless, the court stated:

> The order of garnishment provides the judgment creditor with a chose in action. Being a mere chose in action, the judgment creditor's right to the funds ceases upon the adjudication of bankruptcy, where the debtor is insolvent *at the time the garnishment order is issued.*

*Id.* at 157, 237 N.E.2d 140 (emphasis added). Thus both in the syllabus and in the text the Ohio Supreme Court related the continuing validity of the judgment creditor's right to receive the garnished fund to the time the garnishment order was issued, not to the time the clerk received the funds from the garnishee. *Jennings* supports our conclusion rather than Battery's position.

### C.

This court's recent decision in *Yardas v. United States,* 899 F.2d 550 (6th Cir.1990) reinforces our conclusion that Atari's receipt of the garnished funds is not voidable under section 547. The question in *Yardas* was whether the judgment creditor's lien obtained in Ohio state court garnishment proceedings was superior to a tax lien of the United States. The court held that a per-fected judgment lien has priority over a tax lien of which the government has not given constructive notice by filing in the proper state court clerk's office.

Relying on O.R.C. §§ 2716.13(B) and 2716.21(D), this court found in *Yardas* that the judgment creditor obtained a lien on the debtor's property by serving the notice of garnishment on the garnishee, and the garnishee was liable from the time it was served with notice. The government conceded that the garnishment notice served on the clerk of courts a year before the tax lien was filed "was effective to establish a perfected interest in any of [the judgment debtor's] property which was in possession of the district court." *Id.* at 552. Despite this concession, the government argued that property of the judgment debtor being held by the United States Marshals Service escaped the creditor's judgment lien because notice of garnishment was not served on the Marshals Service. This court disagreed, and stated that the property held by the Marshals Service was "under the control" of the district court and thus occupied the same status as the property in the district court's actual custody.

Although the disputed issue in *Yardas* was different from the issue in the present case, neither the court nor the parties questioned the fact that the judgment creditor's interest in the property of the debtor was perfected when the notice of garnishment was served on the district court clerk.

Both the bankruptcy court and Battery cited *Januzzi v. Hickman,* 61 Ohio St.3d 40, 572 N.E.2d 642 (1991), in support of the conclusion that the "transfer" to Atari was not perfected until the clerk of court received the funds from the garnishee. The issue in *Januzzi* was whether a nonparty garnishee had standing to appeal from an order entered in post-judgment proceedings requiring it to pay funds into court. The court held that a garnishee in such a situation did not have standing to appeal the order. The case did not concern the right to garnished property as between the judgment creditor and the debtor or his trustee in bankruptcy. The *Januzzi* court merely held that an order to a

garnishee to pay into court is not a final, appealable order so as to permit the garnishee to appeal. This conclusion was reached by considering O.R.C. § 2716.21(B), (E) and (F). The court had no occasion to interpret O.R.C. § 2716.21(D), which we find persuasive in the present case.

## D.

Bankruptcy court decisions are not consistent in their treatment of the perfection of transfers for purposes of determining whether there is a preference under 11 U.S.C. § 547(b). Nevertheless, we believe the best-reasoned Ohio bankruptcy court decisions considering the "shall bind" language of O.R.C. § 2716.13(B) in relation to the current Bankruptcy Code have reached the conclusion that we adopt.

In *Butz v. BancOhio Nat'l Bank,* 13 B.R. 425 (Bankr.S.D. Ohio 1981), the court held that the 90–day perfection period ran from the date the sheriff seized the property (equivalent to service of a notice and order of garnishment) rather than from the date the sheriff actually paid over seized funds to the judgment creditor. *Id.* at 428. The court reached the same conclusion in *In re Veteran Plate Glass Co., Inc.,* 71 B.R. 74, 75 (Bankr. N.D. Ohio 1987). In *Veteran Plate Glass* the court held that an execution lien held by a judgment creditor was perfected when the debtor's goods and chattels were seized by the sheriff. This event occurred within 90 days of the debtor's petition in bankruptcy and thus was a voidable transfer. *Id.* at 76. Although these cases concern execution on a debtor's effects by court-ordered seizure, we agree with the district court's conclusion that the same principles apply to garnishment directed at one in possession of a debtor's property.

The Ohio bankruptcy courts that have found the date of delivery of a garnishment order and notice to the garnishee to be the date of perfection of a transfer are in accord with the majority of bankruptcy courts in states having statutes similar to the provisions of the Ohio Revised Code Annotated relied on here. See, *e.g., In re McCoy,* 46 B.R. 9 (Bankr.D. Ariz.1984), where the court noted that

states which create a lien upon the service of a writ of garnishment have ruled against the trustee in a preference action when the writ is served prior to the ninety- (90–) day period. This is so even if actual payment comes within the ninety- (90–) day period.

*Id.* at 11 (citations omitted). See also *In re Aztec Concrete, Inc.,* 143 B.R. 537, 539–40 (Bankr.S.D. Iowa 1992) (citing several cases for the proposition that "a post-judgment garnishing creditor's lien dates from the service of the garnishment notice"); *In re Rosenfield,* 62 B.R. 515, 525 (Bankr.N.D.Tx. 1986) (date of service controls despite payment having been made during the ninety-day preference period); *In re Arnold,* 132 B.R. 13, 15 (Bankr.E.D.Mich.1991) (perfection occurs when garnishment notice is served); *In re Edelsberg,* 101 B.R. 386, 389 (Bankr.S.D. Fla.1989) (same); *In re Conner,* 733 F.2d 1560, 1562 (11th Cir.1984) (interpreting Georgia law for same proposition).

Because of language in the pertinent Minnesota statute that is nearly identical to the language of O.R.C. § 2716.13(B), we note particularly *In re Brinker,* 12 B.R. 936 (Bankr.D.Minn.1981). As do the Ohio statutes, Minnesota law provides that "service of the garnishee summons upon the garnishee shall attach and bind ... all personal property of the judgment debtor in his possession or under his control...." Minn.Stat. § 571.-42. Relying on this statute, the *Brinker* court found that a lien attached to the debtor's property at the time service of notice was presented to the garnishee. More importantly, the court found that the garnishment lien was perfected upon notice, and that "in order to avoid a post judgment garnishment as a preference, the date of service of the garnishee summons must be within the 90 days preceding the filing of a petition." *Id.* at 938.

## CONCLUSION

The district court correctly determined that the "transfer" of garnished funds to Atari was perfected upon service of the garnishment order and notice on the garnishee bank. This event occurred more than 90 days before Battery filed its petition in bank-

ruptcy and the trustee is not entitled to a return of the funds.

The judgment of the district court is AF-FIRMED.