In re James Ray **EDWARDS**, Cathy Marie Edwards, Debtors.

Russ **WILKEY**, Trustee, Plaintiff,

v.

**COMMUNITY METHODIST HOSPITAL, Defendant.**

Bankruptcy No. 97–40637(3)7.
Adversary No. 97–4059.

United States Bankruptcy Court,
W.D. Kentucky.

Feb. 19, 1998.

Russ Wilkey, Trustee, Owensboro, KY, for Plaintiff.

Harry L. Mathison, King, Deep & Branaman, Henderson, KY, for Defendant.

### MEMORANDUM

DAVID T. STOSBERG, Bankruptcy Judge.

This adversary proceeding is fully briefed and submitted for decision on the record. The Trustee seeks to recover as a preferential transfer $1,438.50 in garnishments collected post-judgment by the Defendant, Community Methodist Hospital (the "Hospital").

The Trustee filed a complaint to recoup from the Hospital money garnished within six (6) months of the debtor's bankruptcy filing. Recognizing that the Hospital did not recover any money within ninety (90) days of the filing, the Trustee relies upon the Kentucky preferential transfer statutes. Ky. Rev.Stat.Ann. ("KRS") § 378.060 and § 378.070.

■ This Court has determined in prior cases that the Trustee is permitted to use the avoiding powers of 11 U.S.C. § 544(b) to attack a preference under the Kentucky preference statutes. See *In re Terry Lynn Goodman (Wilkey v. Bellsouth Telecommunications)*, Case No. 97–40055; A.P. No. 97–4042 (W.D.Ky.12/17/97), adopting the position of the Sixth Circuit in *Perkins v. Petro Supply Company, Inc. (In re Rexplore Drilling, Inc.)*, 971 F.2d 1219, 1221 (6th Cir .1992). In order to prevail under the Kentucky preference statute, the Trustee must prove that the debtor was insolvent at the time of the transfer.

■ However, we need not address the question of the debtor's insolvency as the transfer to the Hospital was perfected upon service of the garnishment order on the employer, which occurred outside of the 180 day period preceding the debtor's bankruptcy filing. Thus, there exists no preferential funds for the Trustee to recover.

### Factual Background

The debtors filed bankruptcy on May 5, 1997. On September 5, 1996, the Hospital obtained a $1,851.98 judgment against the debtors in the Henderson Circuit Court. On September 10, 1996, the Hospital secured an order of garnishment, and on September 19, 1996, served the garnishment order, by mail, on the debtor's employer.

The Hospital received the following garnishments:

| | |
|---|---|
| October 17, 1996 | $191.34 |
| October 26, 1996 | $275.14 |
| November 13, 1996 | $229.01 |
| November 25, 1996 | $192.96 |
| December 11, 1996 | $304.88 |
| January 2, 1997 | $241.87 |
| January 13, 1997 | $220.57 |
| January 28, 1997 | $239.15 |
| February 4, 1997 | $ 10.06 |

The Hospital did not recover any of the debtor's wages within ninety days of the

bankruptcy filing. November 6, 1996 is the one hundred and eightieth (180th) day prior to the bankruptcy filing. Accordingly, the Trustee seeks to recover only the garnishments received by the Hospital between November 13, 1996 through February 4, 1997, which total $1,438.50.

### Legal Analysis

The issue before the Court is whether a transfer, pursuant to KRS 378.060 and 378.070, occurred within the six months preceding the bankruptcy filing. In order to avoid a post-judgment garnishment as a preference, the garnishment order must be served upon the garnishee within the preference period. *In re Battery One–Stop Ltd.*, 36 F.3d 493, 498 (6th Cir.1994) (interpreting the Ohio garnishment statutes). The Sixth Circuit collected the majority of bankruptcy cases in states with garnishment statutes similar to Ohio's garnishment laws, which have found the date of delivery of a garnishment order to the garnishee to be the date of perfection of the transfer. *Id.* at 498 (collecting cases).

> [S]tates which create a lien upon the service of a writ of garnishment have ruled against the trustee in a preference action when the writ is served prior to the ninety (90)– day period. This is so even if actual payment comes within the ninety (90)– day period.

*Id.* quoting, *In re McCoy*, 46 B.R. 9, 11 (Bankr.D.Ariz.1984). *See also, In re Arnold*, 132 B.R. 13, 15 (Bankr.E.D.Mich.1991)

The Kentucky garnishment statutes reflect even stronger language than the Ohio garnishment laws analyzed by the Sixth Circuit in the *Battery One–Stop* case. The Kentucky garnishment statute unequivocally sets forth the perfected status of a garnishment lien.

> An order of garnishment of earnings, as defined in KRS 427.005, *shall create a lien* on all nonexempt earnings earned during the pay period in which the order is served on the employer and during those succeeding pay periods which may be designated by the order. (emphasis added)

KRS 425.506(1). According to KRS 425.506(1), the date of the transfer is the date the garnishment lien is created, which is the date of service of the garnishment order upon the garnishee. *See In re Fagan*, 26 B.R. 212, 215 (Bankr.W.D.Ky.1982).

Kentucky Civil Rule 69.02 provides that a judgment creditor may serve the garnishment order by regular first class mail on the garnishee. In this case, the Hospital mailed the garnishment order to the debtor's employer on September 19, 1996. In Kentucky, service by mail is complete upon mailing. CR 5.02. The transfer of garnished funds to the Hospital was perfected upon service of the garnishment order on the debtor's employer on September 19, 1996, which event occurred more than 180 days before the debtor filed bankruptcy on May 5, 1997. Accordingly, the Trustee may not recover the garnished funds.

We have entered an Order this same date dismissing the Trustee's complaint against the Hospital.